EPSTEIN BECKER & GREEN, P.C.
Attorneys for Defendant Whitman-Walker Clinic, Inc.
1227 25th Street, N.W., Suite 700
Washington, D.C. 20037-1175
Telephone: (202) 861-0900

## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF COLUMBIA

JOHN W. WINDSOR, JR.,
44476 Whitestone Place
Tall Timbers, Maryland 20690                        Civil Action No.

            Plaintiff,

      v.

WHITMAN-WALKER CLINIC, INC.
1407 S Street, NW
Washington, DC 20009

      SERVE:  Resident Agent
               DONALD BLANCHON
               1407 S Street, NW
               Washington D.C. 20009

and

JOHN DOE I
ADDRESS UNKNOWN

and

JOHN DOE I
ADDRESS UNKNOWN

            Defendants.

## NOTICE OF REMOVAL

TO:   THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT
       FOR THE DISTRICT OF COLUMBIA

Defendant Whitman-Walker Clinic, Inc. files this Notice of Removal of the above captioned matter, *John W. Windsor, Jr. v. Whitman-Walker Clinic, Inc.*, from the Superior Court of the District of Columbia where it is now pending to the United States District Court for the District of Columbia. Removal is proper because:

1.  Plaintiff commenced the Action on May 4, 2007 by filing the Complaint in the Superior Court of the District of Columbia.

2.  The Complaint was served on Defendant on or about May 16, 2007 and there have been no further proceedings in the Action.

3.  Defendant has not answered the Complaint and its time to answer has not expired.

4.  A copy of all process, pleadings and orders served upon the Defendant to date in the Action are attached hereto as Exhibit A.

5.  This Court has original jurisdiction over the Action pursuant to 28 U.S.C. § 1332 and it is removable to this Court pursuant to 28 U.S.C. § 1441, because the Plaintiff is a resident of Maryland and the Defendant is a District of Columbia non-profit corporation And the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

6.  This Notice of Removal is filed within the time provided by 28 U.S.C. § 1446(b).

7.  Contemporaneous with filing this Notice of Removal, Defendant has provided written notice thereof to the attorney for Plaintiff, and filed a copy of this Notice of Removal with the Clerk of the Superior Court of the District of Columbia.

8.  This Notice of Removal is accompanied by the required filing fee of $350.00.

9.  Consent of the co-defendants is not required as they are listed as John Does and, to Defendant's knowledge, they have not been served with the Complaint. *See Kopff v. World Research Group, LLC*, 298 F. Supp. 2d 50, 54 (D. D.C. 2003) (exceptions to the "rule of

unanimity" includes "where one or more of the defendants has not yet been served with the initial pleading at the time the removal petition was filed").

10. By filing this Notice, Defendant does not waive any defenses.

**WHEREFORE**, Defendant Whitman-Walker Clinic, Inc. removes the Action from the Superior Court of the District of Columbia to the United States District Court for the District of Columbia where it shall proceed as an action originally commenced therein.

Respectfully submitted,

EPSTEIN BECKER & GREEN, P.C.

By:  _____

John M. Murdock (D.C. Bar # 415765)
Julianna S. Gonen (D.C. Bar # 488759)
1227 25th Street, N.W., Suite 700
Washington, D.C. 20037-1175
Telephone:  (202) 861-1872
Facsimile:   (202) 861-3572

Counsel for Defendant Whitman-Walker Clinic, Inc.

Dated:  June 5, 2007

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Notice of Removal was served June 5, 2007, by first class mail, postage prepaid, upon the following:

Bruce M. Bender
Van Grack, Axelson, Williamowsky, Bender & Fishman, P.C.
401 N. Washington St.
Suite 550
Rockville MD  20850

Brett Weiss
Brett Weiss, P.C.
18200 Littlebrook Drive
Olney  MD  20832

Counsel for Plaintiff

_____

RECEIVED MAY 16 2007



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

JOHN W WINDSOR JR.

Vs.                                          C.A. No.      2007 CA 003153 B

WHITMAN-WALKER CLINIC, INC.

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order, and any General Order issued **by the judge** to whom the case is assigned. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to: Judge THOMAS J MOTLEY
Date:  May 5, 2007
Initial Conference: 9:30 am, Friday, August 24, 2007
Location:  Courtroom 112
           500 Indiana Avenue N.W.
           WASHINGTON, DC 20001

Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 105, 515 5th Street, N.W. (enter at Police Memorial Plaza entrance). Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Rufus G. King, III

Caio.doc

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
### 500 Indiana Avenue, N.W., Room JM-170
### Washington, D.C. 20001   Telephone: 879-1133

| | |
|---|---|
| John W. Windsor, Jr.<br>44476 Whitestone Place, Tall Timbers, MD 20690 | |
| *Plaintiff* | **0003153-07** |
| **VS.** | Civil Action No. |
| Whitman-Walker Clinic, Inc.<br>1407 S. Street, N.W., Washington, D.C. 20009 | |
| *Defendant* | |

**SUMMONS**

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon your exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below.**   If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue. N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

| | |
|---|---|
| | *Clerk of the Court* |
| Bruce M. Bender, Esq. | |
| Name of Plaintiff's Attorney | |
| 401 N. Washington Street, #550 | By |
| Address | Deputy Clerk |
| Rockville, Maryland 20850 | |
| (301) 738-7660 | Date   MAY 0 4 2007 |
| Telephone | |

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-456/Mar. 98   **NOTE:** SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

IMPORTANT: IF YOU FAIL TO SERVE AND FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, DO NOT *FAIL TO ANSWER WITHIN THE REQUIRED TIME*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (628-1 161) or the Neighborhood Legal Services (682-2700) for help or come to Room JM 170 at 500 Indiana Avenue, N.W., for more information concerning where you may ask for such help.

## IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

JOHN W. WINDSOR, JR.                              :
44476 Whitestone Place
Tall Timbers, Maryland 20690                      :

     Plaintiff,                                 :

v.                                                :    Civil No.:

WHITMAN-WALKER CLINIC, INC.                       :
1407 S. Street, NW
Washington, D.C. 20009                            :

     SERVE:    Resident Agent               :
            DONALD BLANCHON
            1407 S. Street, NW           :
            Washington, D.C. 20009
                                :

and                                               :

JOHN DOE I                                        :
ADDRESS UNKNOWN

and                                               :

JOHN DOE II                                       :
ADDRESS UNKNOWN
                                :

     Defendants.

*(stamp:)* 0003153-07 RECEIVED Civil Clerk's Office MAY 0 4 2007 Superior Court of the District of Columbia Washington, D.C.

### COMPLAINT

COMES NOW the Plaintiff, JOHN W. WINDSOR, JR., by and through counsel,

VAN GRACK, AXELSON, WILLIAMOWSKY, BENDER & FISHMAN, P.C., and BRUCE

M. BENDER, and BRETT WEISS, P.C., and BRETT WEISS, and files suit against

Defendants, WHITMAN-WALKER CLINIC, INC., (hereinafter "Clinic"), and JOHN DOE I

and JOHN DOE II, and in support thereof states as follows:

### JURISDICTION AND VENUE

1.    The Plaintiff is over the age of 18 years old and is a resident of St. Mary's

County, Maryland, and worked as a firefighter in Washington D.C. at the time of the incident which is the subject of this Complaint.

2.    The Defendant Clinic is a business incorporated and doing substantial business in Washington, D.C., with its principle place of business and substantial other properties located in Washington, D.C. The location of the incident which is the subject of this litigation is property owned by the Defendant, and located in Washington, D.C.

3.    The Defendants, JOHN DOE I and JOHN DOE II, are unknown entities, and upon information and belief, are a general contracting business and subcontractor employed by the Defendant Clinic for the purpose of renovating the residential dwelling owned by the Defendant, which is the location of the subject incident.

4.    This Court has jurisdiction pursuant to D.C. Code §11-921 and §13-423(a)(3).

### FACTS

5.    On August 20, 2004, the Plaintiff was a firefighter in Washington, D.C., Company RS-3, responding to a dispatched call of a fire at 2303 Martin Luther King, Jr. Avenue, SE, Washington, D.C. Said building was a residential dwelling owned and operated by the Defendant CLINIC, which was in the process of renovation. Said renovation was being undertaken by the Defendants, John Doe I and John Doe II, upon Plaintiff's information and belief.

6.    Although the fire was confined to the basement level of the residential dwelling, there was heavy smoke on the first and second floors, necessitating dispersion of firefighters on the first and second floors.

-2-

7.   The Plaintiff was assigned to the B team, operating on the second floor, in an effort to contain and extinguish the fire and smoke, and to search for persons trapped inside the burning building.

8.   After searching and securing the rear of the house on the second floor, Plaintiff made his way back toward the front of the house on the second floor, past the stairway.

9.   As Plaintiff passed the stairs in the hallway of the smoke filled building, he fell from the second floor straight down to the first floor, due to the fact that there were no bannisters, and there was no railing or bracing with which he could have supported himself.  The missing bannisters, railing, and bracing violated the D.C. Building Code and constitutes negligence per se.

10.  The Defendant had actual and/or constructive knowledge of the missing bannisters, railing and/or bracing, and failed to properly, competently and adequately place a bannister, railings, and/or bracing around the stairway.

11.  The Plaintiff fell down an open stairway of the Defendant's Clinic's building that did not have any railing, warning or barrier to prevent someone from walking into the open hole.  At the time of the accident, Plaintiff was working as a firefighter and said fall caused severe injuries to his neck, back, shoulders, and knees such that he had to undergo three (3) surgeries and will require further surgery, and he is permanently and totally disabled from all employment.

## COUNT I
### (Negligence by Defendant Clinic)

12.  Paragraphs 1 through 11 are incorporated herein by reference as though

-3-

repeated in full.

13.    The Defendant Clinic had a duty of care to properly maintain its residential

dwelling such that it would be rendered safe for persons to enter and move about

inside.

14.    The Defendant Clinic was negligent per se in violation of the D.C. Building Code,

and otherwise negligent, and breached its duty by failing to properly,

competently, and adequately place bannisters, railings, and/or bracing around

the stairway, despite having actual and/or constructive knowledge that there

were no bannisters, railing and/or bracing.  Said breach creating a dangerous

condition in the building.

15.    The Defendant Clinic's negligence directly and proximately caused the Plaintiff to

suffer severe injuries when he fell from the second floor to the first floor, on

Defendant Clinic's property, while performing his job as a firefighter.

16.    That as a direct and proximate result of Defendant Clinic's negligence, with no

negligence on the part of the Plaintiff contributing in any way thereto, Plaintiff has

suffered and will continue to suffer severe injuries to his neck, shoulders, back

and knees.

17.    That as a direct and proximate result of Defendant Clinic's negligence, Plaintiff

has  incurred extensive medical costs in the past and will continue to incur

extensive medical costs in the future.

18.    That as a direct and proximate result of the Defendant Clinic's negligence,

Plaintiff has also incurred pain, suffering and loss of enjoyment of his life in the

past and will continue to do so in future because of his severe and permanent

-4-

injuries.

19.    That as a further direct and proximate result of Defendant Clinic's negligence, Plaintiff has lost significant wages in the past and will continue to do so in future as he is permanently totally disabled from gainful employment as a result of his severe and permanent injuries.

20.    The Plaintiff was not contributorily negligent in any way.

WHEREFORE, JOHN W. WINDSOR, JR., demands judgment from and against the Defendants, WHITMAN-WALKER CLINIC, INC., in any amount of $3,500,000.00 plus interest and costs.

## COUNT II
### (Negligence by Defendants John Doe I and John Doe II)

21.    Paragraphs 1 through 20 are incorporated herein by reference as though repeated in full.

22.    That at the time of this occurrence, Defendants John Doe I and John Doe II, an as yet unknown contracting and subcontracting business, entered into a contract with Defendant, Clinic and/or each other to complete the renovation of the residential dwelling which was the location of the subject occurrence. Further, Defendant John Doe II was a subcontractor renovating the stairway in question.

23.    Defendants John Doe I and John Doe II, had a duty of care to properly repair this residential dwelling during the renovation such that it would be rendered safe for persons to enter and move about inside and also to warn individuals of any dangerous conditions on the premises.

24.    Defendants John Doe I and John Doe II were negligent per se in violation of the

-5-

D.C. Building Code, and otherwise negligent, and breached its duty by failing to properly, competently, and adequately place bannisters, railings and/or bracing around the stairway, despite having actual and/or constructive knowledge that there were no bannisters, railings and/or bracing, said breach creating a dangerous condition in the building.

25.    Defendants John Doe I and John Doe II's negligence directly and proximately caused the Plaintiff to suffer severe injuries when he slipped and fell from the second floor to the first floor, on Defendant Clinic's property, while performing his job as a firefighter.

26.    That as a direct and proximate result of the Defendants John Doe I and John Doe II's negligence, with no negligence on the part of the Plaintiff contributing in any way thereto, Plaintiff has suffered and will continue to suffer severe injuries to his neck, shoulders, back and knees.

27.    That as a direct and proximate result of the Defendants John Doe I and John Doe II's negligence, Plaintiff has incurred extensive medical costs in the past and will continue to incur extensive medical costs in the future.

28.    That as a direct and proximate result of the Defendants John Doe I and John Doe II's negligence, Plaintiff has also incurred pain, suffering and loss of enjoyment of his life in the past and will continue to do so in future because of his severe and permanent injuries.

29.    That as a further direct and proximate result of Defendants John Doe I and John Doe II's negligence, Plaintiff has lost significant wages in the past and will continue to do so in the future as he is permanently totally disabled from gainful

-6-

employment as a result of his severe and permanent injuries.

30.    The Plaintiff was not contributorily negligent in any way.

WHEREFORE, JOHN W. WINDSOR, JR., demands judgment from and against

the Defendants, WHITMAN-WALKER CLINIC, INC., JOHN DOE and JOHN DOE II, in

any amount of $3,500,000.00 plus interest and costs.

Respectfully submitted,

VAN GRACK, AXELSON, WILLIAMOWSKY,
BENDER & FISHMAN, P.C.

BRETT WEISS, P.C.

Bruce M. Bender, D.C. Bar # 381319
401 N. Washington Street, Suite 550
Rockville, Maryland 20850
(301) 738-7660
Attorneys for Plaintiff

Brett Weiss, D.C. Bar # 404420
18200 Littlebrook Drive
Olney, Maryland 20832
301-924-4400
Attorneys for Plaintiff

-7-

## IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

JOHN W. WINDSOR, JR.                          :
44476 Whitestone Place
Tall Timbers, Maryland 20690                  :

      Plaintiff,                         :

v.                                            :    Civil No.:

WHITMAN-WALKER CLINIC, INC.                   :
1407 S. Street, NW
Washington, D.C. 20009                        :

      SERVE:    Resident Agent           :
              DONALD BLANCHON
              1407 S. Street, NW        :
              Washington, D.C. 20009
                         :

and                                           :

JOHN DOE, I                                   :
ADDRESS UNKNOWN

and                                           :

JOHN DOE, II                                  :
ADDRESS UNKNOWN
                         :

      Defendants.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues in the instant case.

-8-

Respectfully Submitted,

**VAN GRACK, AXELSON, WILLIAMOWSKY,**
**BENDER & FISHMAN, P.C.**

**BRETT WEISS, P.C.**

_(signature)_

_(signature)_

Bruce M. Bender, D.C. Bar # 381319
401 N. Washington Street, Suite 550
Rockville, Maryland 20850
(301) 738-7660
Attorneys for Plaintiff

Brett Weiss, D.C. Bar # 404420
18200 Littlebrook Drive
Olney, Maryland 20832
301-924-4400
Attorneys for Plaintiff

# Superior Court of the District of Columbia

CIVIL DIVISION - CIVIL ACTIONS BRANCH

INFORMATION SHEET

John W. Windsor

vs

Whitman-Walker Clinic, Inc., et al

Case Number: _____

Date: ___**FILE COPY**___
Please Date Stamp and Return

| | |
|---|---|
| Name: (please print)<br>        Bruce M. Bender | Relationship to Lawsuit<br>[✓] Attorney for Plaintiff |
| Firm Name:<br>    Van Grack, Axelson, Williamowsky, Bender & Fishman, P.C. | [ ] Self (Pro Se)<br>Other: _____ |
| Telephone No.:                     Six digit Unified Bar No.:<br>     (301) 138-7660              381319 | |

TYPE OF CASE:   [ ] Non-Jury      [✓] 6 Person Jury      [ ] 12 Person Jury
Demand:$ 3,500,000.00                          Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No.: _____ Judge: _____ Calendar #: _____

Case No.: _____ Judge: _____ Calendar #: _____

---

NATURE OF SUIT:     (Check One Box Only)

**A. CONTRACTS**

[ ] 01 Breach of Contract
[ ] 02 Breach of Warranty
[ ] 06 Negotiable Instrument
[ ] 15 _____

[ ] 07 Personal Property
[ ] 09 Real Property-Real Estate
[ ] 12 Specific Performance

**COLLECTION CASES**

[ ] 14 Under $25,000 Pltf. Grants Consent
[ ] 16 Under $25,000 Consent Denied
[ ] 17 OVER $25,000

**B. PROPERTY TORTS**

[ ] 01 Automobile
[ ] 02 Conversion
[ ] 07 Shoplifting, D.C. Code § 27-102(a)

[ ] 03 Destruction of Private Property
[ ] 04 Property Damage

[ ] 05 Trespass
[ ] 06 Traffic Adjudication

**C. PERSONAL TORTS**

[ ] 01 Abuse of Process
[ ] 02 Alienation of Affection
[ ] 03 Assault and Battery
[ ] 04 Automobile-Personal Injury
[ ] 05 Deceit (Misrepresentation)
[ ] 06 False Accusation
[ ] 07 False Arrest
[ ] 08 Fraud

[ ] 09 Harassment
[ ] 10 Invasion of Privacy
[ ] 11 Libel and Slander
[ ] 12 Malicious Interference
[ ] 13 Malicious Prosecution
[ ] 14 Malpractice Legal
[ ] 15 Malpractice Medical (Including wrongful death)
[ ] 16 Negligence-(Not Automobile,
        Not Malpractice)

[✓] 17 Personal Injury – (Not
        Automobile, Not Malpractice)
[ ] 18 Wrongful Death (Not malpractice)
[ ] 19 Wrongful Eviction
[ ] 20 Friendly Suit
[ ] 21 Asbestos
[ ] 22 Toxic/Mass Torts
[ ] 23 Tobacco

SEE REVERSE SIDE AND CHECK HERE [ ] IF USED

CV-496/Feb. 07

## INFORMATION SHEET, Continued

| C. OTHERS | | |
|---|---|---|
| **I.**<br>☐ 01 Accounting<br>☐ 02 Att. Before Judgment<br>☐ 04 Condemnation (Emin. Domain)<br>☐ 05 Ejectment<br>☐ 07 Insurance/Subrogation<br>    Under $25,000 Pltf.<br>    Grants Consent<br>☐ 08 Quite Title<br>☐ 09 Special Writ/Warrants<br>    DC Code § 11-941 | ☐ 10 T.R.O./Injunction<br>☐ 11 Writ of Replevin<br>☐ 12 Enforce Mechanics Lien<br>☐ 16 Declaratory Judgment<br>☐ 17 Merit Personnel Act (OEA)<br>    (D.C. Code Title 1, Chapter 6)<br>☐ 18 Product Liability<br>☐ 24 Application to Confirm, Modify,<br>    Vacate Arbitration Award<br>    (D.C. Code § 16-4315) | ☐ 25 Liens: Tax/Water Consent Granted<br>☐ 26 Insurance/Subrogation<br>    Under $25,000 Consent Denied<br>☐ 27 Insurance/Subrogation<br>    Over $25,000<br>☐ 28 Motion to Confirm Arbitration<br>    Award (Collection Cases Only)<br>☐ 29 Merit Personnel Act (OHR)<br>☐ 30 Liens: Tax/Water Consent Denied |
| **II.**<br>☐ 03 Change of Name<br>☐ 06 Foreign Judgment<br>☐ 13 Correction of Birth Certificate<br>☐ 14 Correction of Marriage<br>    Certificate | ☐ 15 Libel of Information<br>☐ 19 Enter Administrative Order as<br>    Judgment [D.C. Code §<br>    2-1802.03(h) or 32-1519(a)]<br>☐ 20 Master Meter (D.C. Code §<br>    42-3301, et seq.) | ☐ 21 Petition for Subpoena<br>    [Rule 28-I (b)]<br>☐ 22 Release Mechanics Lien<br>☐ 23 Rule 27 (a)(1)<br>    (Perpetuate Testimony) |

CV-496/Feb. 07

JS-44
(Rev.1/05 DC)

## CIVIL COVER SHEET

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| John W. Windsor, Jr. | Whitman-Walker Clinic, Inc., et al. |

| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   St. Mary's, MD<br>(EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____<br>(IN U.S. PLAINTIFF CASES ONLY) _____<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF<br>LAND INVOLVED |

| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| Bruce M. Bender<br>Van Grack, Axelson, Williamowsky, Bender & Fishman, P.C.<br>401 N. Washington St.<br>Suite 550<br>Rockville MD 20850 | John M. Murdock (D.C. Bar # 415765)<br>Julianna S. Gonen (D.C. Bar # 488759)<br>1227 25th Street, N.W., Suite 700<br>Washington, D.C. 20037-1175<br>Telephone: (202) 861-1872<br>Facsimile: (202) 861-3572 |

### II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government
   Plaintiff

○ 3 Federal Question
   (U.S. Government Not a Party)

○ 2 U.S. Government
   Defendant

⊙ 4 Diversity
   (Indicate Citizenship of
   Parties in item III)

### III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place<br>of Business in This State | ○ 4 | ⊙ 4 |
| Citizen of Another State | ⊙ 2 | ○ 2 | Incorporated and Principal Place<br>of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a<br>Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV.  CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

| ○ A. *Antitrust* | ⊙ B. *Personal Injury/ Malpractice* | ○ C. *Administrative Agency Review* | ○ D. *Temporary Restraining Order/Preliminary Injunction* |
|---|---|---|---|
| ☐ 410 Antitrust | ☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☒ 360 Other Personal Injury<br>☐ 362 Medical Malpractice<br>☐ 365 Product Liability<br>☐ 368 Asbestos Product Liability | ☐ 151 Medicare Act<br><br>Social Security:<br>☐ 861 HIA ((1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g)<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)<br>Other Statutes<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 890 Other Statutory Actions (If<br>     Administrative Agency is Involved) | Any nature of suit from any category may<br>be selected for this category of case<br>assignment.<br><br>*(If Antitrust, then A governs)* |

| ○ E. *General Civil (Other)* | OR | ○ F. *Pro Se General Civil* | |
|---|---|---|---|
| **Real Property**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent, Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property<br><br>**Personal Property**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | **Bankruptcy**<br>☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**Prisoner Petitions**<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br><br>**Property Rights**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>**Federal Tax Suits**<br>☐ 870 Taxes (US plaintiff or<br>     defendant<br>☐ 871 IRS-Third Party 26<br>     USC 7609 | **Forfeiture/Penalty**<br>☐ 610 Agriculture<br>☐ 620 Other Food &Drug<br>☐ 625 Drug Related Seizure<br>     of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 RR & Truck<br>☐ 650 Airline Regs<br>☐ 660 Occupational<br>     Safety/Health<br>☐ 690 Other<br><br>**Other Statutes**<br>☐ 400 State Reapportionment<br>☐ 430 Banks & Banking<br>☐ 450 Commerce/ICC<br>     Rates/etc.<br>☐ 460 Deportation | ☐ 470 Racketeer Influenced &<br>     Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Satellite TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/<br>     Exchange<br>☐ 875 Customer Challenge 12 USC<br>     3410<br>☐ 900 Appeal of fee determination<br>     under equal access to Justice<br>☐ 950 Constitutionality of State<br>     Statutes<br>☐ 890 Other Statutory Actions (if<br>     not administrative agency<br>     review or Privacy Act |

| ○ **G.** *Habeas Corpus/ 2255* | ○ **H.** *Employment Discrimination* | ○ **I.** *FOIA/PRIVACY ACT* | ○ **J.** *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ **K.** *Labor/ERISA (non-employment)* | ○ **L.** *Other Civil Rights (non-employment)* | ○ **M.** *Contract* | ○ **N.** *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

○ 1 Original Proceeding ⦿ 2 Removed from State Court ○ 3 Remanded from Appellate Court ○ 4 Reinstated or Reopened ○ 5 Transferred from another district (specify) ○ 6 Multi district Litigation ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Case is removed on diversity grounds, 28 U.S.C. § 1332; Plaintiff is citizen of Maryland and Defendant is D.C. non-profit corporation.

| **VII. REQUESTED IN COMPLAINT** | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | DEMAND $ $3,500,000.00 | Check YES only if demanded in complaint |
|---|---|---|---|
| | | JURY DEMAND: | YES ☒  NO ☐ |

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE   June 5, 2007      SIGNATURE OF ATTORNEY OF RECORD

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.       COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.     CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.      CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI.      CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.