UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

JOHN W. WINDSOR, JR.,

                Plaintiff,

     *v.*

WHITMAN-WALKER CLINIC, INC.

and

ADAMS & WIGHT

and

JOHN DOE
ADDRESS UNKNOWN

                Defendants.

**Case No.: 1:07-cv-01020  RMC**

## DEFENDANT WHITMAN-WALKER CLINIC'S MOTION TO DISMISS

COMES NOW Defendant Whitman-Walker Clinic, Inc. ("Whitman-Walker"), by and through counsel, and moves this Court for an Order dismissing it from this case pursuant to Federal Rule of Civil Procedure 12(b)(6), as Plaintiff has failed to state a claim against Whitman-Walker for which relief can be granted.

As more fully set forth in the attached Memorandum of Points and Authorities:

1.  Clear authority in the District of Columbia holds that contractees such as Whitman-Walker are not liable for the negligence of their independent contractors;

2.  The Professional Rescuers' Doctrine bars Plaintiff's suit, as he seeks tort recovery for injuries sustained in the course of his duties as a firefighter.

**WHEREFORE** Defendant Whitman-Walker respectfully requests that Plaintiff's claims against

it be dismissed with prejudice in their entirety.

**ORAL HEARING REQUESTED**

Respectfully submitted,

EPSTEIN BECKER & GREEN, P.C.


By:    /s/ John M. Murdock
       John M. Murdock (D.C. Bar # 415765)
       Julianna S. Gonen (D.C. Bar # 488759)
       1227 25th Street, N.W., Suite 700
       Washington, D.C. 20037-1175
       Telephone:  (202) 861-1872
       Facsimile:  (202) 861-3572

       Counsel for Defendant Whitman-Walker Clinic, Inc.


Dated: July 2, 2007

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Motion to Dismiss, supporting Memorandum of Points and Authorities, and proposed Order, were served July 2, 2007, via the Court's Electronic Case Filing system upon the following:

Bruce M. Bender
Van Grack, Axelson, Williamowsky, Bender & Fishman, P.C.
401 N. Washington St.
Suite 550
Rockville MD  20850

Counsel for Plaintiff

And via First Class Mail upon the following:

Brett Weiss
Brett Weiss, P.C.
18200 Littlebrook Drive
Olney  MD  20832

Counsel for Plaintiff

__/s/ Grace Balian_____
Grace Balian

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

JOHN W. WINDSOR, JR.,

                        Plaintiff,

      *v.*

WHITMAN-WALKER CLINIC, INC.

and

ADAMS & WIGHT

and

JOHN DOE
ADDRESS UNKNOWN

                    Defendants.

Case No.: 1:07-cv-01020  RMC

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT WHITMAN-WALKER CLINIC'S MOTION TO DISMISS

The claims against defendant Whitman-Walker Clinic (the "Clinic") should be dismissed because Plaintiff has failed to state a claim for which relief can be granted. Fed. R. Civ. P. 12(b)(6).

## I. Legal Standard for Dismissal

Under the standard that traditionally has been applied in applying Fed. R. Civ. P. 12(b)(6), when the allegations in a complaint, assumed to be true, are insufficient to support the legal theories upon which relief is requested, the complaint should be dismissed. That standard requires dismissal here. But the United States Supreme Court has recently raised the traditional minimum pleading standards needed to survive a motion to dismiss. "While a complaint attacked

1

by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted). *See also Linares v. Jones*, 2007 U.S. Dist. LEXIS 40241, at * 17-18 (D.D.C. June 4, 2007) (citing *Twombly*, 127 S. Ct. at 1964-65).

Plaintiff's case should be dismissed as to Whitman-Walker under either standard because he seeks to hold Whitman-Walker accountable for the conduct of an independent contractor, despite clear law barring this type of suit. "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law. This procedure, operating on the assumption that the factual allegations in the complaint are true, streamlines litigation by dispensing with needless discovery and factfinding." *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989) (internal citations omitted). *See also Marshall County Health Care Auth. v. Shalala*, 988 F.2d 1221, 1226 (D.C. Cir. 1993) ("Because a court can fully resolve any purely legal question on a motion to dismiss, there is no inherent barrier to reaching the merits at the 12(b)(6) stage.").

As shown below, Plaintiff's allegations support neither a negligence claim against the Clinic nor such a claim by a professional firefighter injured in the line of duty.

## II.  The Clinic Cannot Be Liable for the Acts or Omissions of Its Contractor.

Plaintiff alleges that the proximate cause of his injury was the failure of the Clinic's co-defendant, independent contractor Adams & Wight, to install a railing around a stairwell that

2

Plaintiff says would have prevented his fall. (Am. Compl. ¶¶ 10, 26.) Plaintiff acknowledges

that Adams & Wight was an independent contractor with the Clinic for renovating the premises.

(Am. Compl. ¶¶ 3, 6, 23.) As such, even if the independent contractor is negligent, the law does

not impose its liability for that negligence on the Clinic.

> The District of Columbia generally adheres to the rule that an employer of an
> independent contractor is not liable for the physical harm caused to third parties
> by an act or omission of the contractor. This rule is based on the theory that an
> employer who has no control over or specific knowledge of a contractor's work
> should not be held responsible for the risks involved with the work.

*Monaghan v. Capitol Paving*, 1991 U.S. Dist. LEXIS 7098, at *14 (D.D.C. May 24, 1991), citing

*Washington Metro. Area Transit Auth. v. L'Enfant Plaza Props., Inc.,* 448 A.2d 864, 888 (D.C.

1982); *Lindler v. District of Columbia,* 502 F.2d 495, 498 (D.C. Cir. 1974). The *Monaghan*

court also held that the defendant property owner was not liable because it did not have control

of the premises at the time of the injuries alleged and there was no evidence it had knowledge of

the allegedly unsafe condition.

> District of Columbia courts agree that:
>
> The well-established general rule in this jurisdiction is that when a person hires
> another to do certain work, reserving no control over either the work or the
> workmen, a relationship of contractee and contractor exists (as opposed to master
> and servant), and the contractee is not liable for injuries to a third party resulting
> from the work of the independent contractor.

*Levy v. Currier*, 587 A.2d 205, 209 (D.C. 1991), citing *Washington Metro. Area Transit Auth.,*

448 A.2d at 868. Inasmuch as plaintiff has alleged that there was a "contractee and contractor"

relationship between the Clinic and Adams & Wight (Am. Compl. ¶¶ 3, 6, 23), Plaintiff cannot

contend the Clinic is liable for Adams & Wight's negligence.

There are two exceptions to this rule but neither apply here, nor has Plaintiff pleaded that they do. Neither the "inherently dangerous" or "peculiar risk" exceptions has any basis in the facts of this case. As the *Monaghan* court wrote, "Under normal circumstances, neither <u>ordinary construction</u> nor the operation of a backhoe are inherently dangerous activities…. if such activities were deemed inherently dangerous, the exception would swallow the rule." *Monaghan*, 1991 U.S. Dist. LEXIS 7098, at \*16 (emphasis added). The "peculiar risk" exception "shifts liability to the employer if the employer has reason to know that the independent contractor's work is likely to create a peculiar risk of harm to others absent special precautions and if the employer takes no steps to minimize the risk by contract or otherwise. … [It is] applied only in extremely narrow circumstances." *Id*. at \*15, citing Restatement (Second) of Contracts § 413; *Wilson v. Good Humor Corp.,* 757 F.2d 1293 (D.C. Cir. 1985) ("The peculiar risk doctrine … depends on the fact that the employer knew or had special reason to know that, absent special precautions, an independent contractor's activities were likely to create a particular risk to others in the specific circumstances under which the work is normally done."). Courts apply this rare exception "where an independent contractor is engaged to perform an integral aspect of the employer's business and the employer has special knowledge and experience concerning the work to be performed." *Wilson*, 757 F.2d at 1306. On the face of the Complaint it is obvious the Clinic is neither in the construction business nor has special knowledge of that business. Furthermore, "[a]n employer may avoid the peculiar risk exception by contractually providing that the contractor shall take precautions to minimize risks. … [E]ven were the 'peculiar risk' exception to apply, defendant Manufacturers contractually immunized itself from liability under this exception." *Monaghan*, 1991 U.S. Dist. LEXIS 7098, at \*17-18 (citation omitted). The contract between the Clinic and Adams & Wight contained an express

4

provision to minimize any risks associated with a renovation project by requiring Adams & Wight to comply with all applicable laws, regulations and codes, and to be responsible for any losses or damages resulting from its noncompliance with such laws or from its own negligence.

Plaintiff alleges that the proximate cause of his injury was the conduct of Adams & Wight. As the law makes clear, the Plaintiff cannot shift that liability to the Clinic. Therefore, the claims against the Clinic must be dismissed.

### III. A Professional Firefighter May Not Bring a Private Negligence Claim for Injuries Sustained in the Course of Duty

Plaintiff alleges that he was injured on the premises in the course of his duties as a professional firefighter. (Am. Compl. ¶ 12.) The Professional Rescuers' Doctrine (PRD) bars those claims.[1] The doctrine states that "those engaged in rescue work as part of their employment may not, as a matter of law, recover for injuries sustained by them on the job, from those whose negligence was the proximate cause of the injuries" because "...the professional rescuer is held to have assumed the risks attending his work." *Gillespie v. Washington*, 395 A.2d 18, 20 (D.C. 1978).[2] Accordingly, even if Plaintiff was injured as a result of negligence and the Clinic could be saddled with the responsibility, the PRD would prevent plaintiff from recovering against the Clinic.

Plaintiff is not saved by the "independent negligence" exception that sometimes allows suits by those engaged in professional rescue work to go forward. When that exception applies,

---

[1] In some jurisdictions it is known as the "fireman's rule." *Young v. Sherwin-Williams Co.*, 569 A.2d 1173, 1175 (D.C. 1990).
[2] The point of the Professional Rescuers' Doctrine is "deterrence of a proliferation of law suits for injuries sustained by civil servants in inherently risky undertakings for the public safety." *Lee v. Luigi*, 696 A.2d 1371, 1374 (D.C. 1997). *See also Gillespie*, supra, at 20 ("[The PRD] prevents the proliferation of suits in tort for injuries sustained in pursuit of regular, but inherently dangerous functions, conducted for the public safety."); *Young*, 569 A.2d at 1175 ("[the PRD] represents a policy decision that the tort system is an inappropriate mechanism for compensating professional rescuers injured in the course of their inherently risky employment").

the negligence for which the rescuer is allowed to seek recovery is radically separate from the risks undertaken as part of the job.[3] In the present case, Plaintiff alleges injuries sustained while in a building that was on fire and which were sustained in part because his vision was obscured by smoke, a risk inherent in firefighting.[4] The independent negligence exception is clearly inapplicable.

## IV.  Conclusion

For the foregoing reasons, Whitman-Walker Clinic respectfully requests that it be dismissed as a Defendant in this matter.

Respectfully submitted,

EPSTEIN BECKER & GREEN, P.C.

By: _____/s/ John M. Murdock_____
     John M. Murdock (D.C. Bar # 415765)
     Julianna S. Gonen (D.C. Bar # 488759)
     1227 25th Street, N.W., Suite 700
     Washington, D.C. 20037-1175
     Telephone:  (202) 861-1872
     Facsimile:  (202) 861-3572

Counsel for Defendant Whitman-Walker Clinic, Inc.

Dated: July 2, 2007

---

[3] *See, e.g., Melton v. Crane Rental Co.*, 742 A.2d 875, 878 (D.C. 1999) (crane hit ambulance after ambulance had left scene of emergency and was en route to hospital, injuring an EMT in the ambulance; court held that "negligence of a third party at a place remote from the situs and unrelated to the cause of the emergency is independent and an exception to the [professional rescuer] doctrine") (emphasis added).
[4] This case is thus analogous to *Lee*, 696 A.2d at 1374, in which a policeman slipped and fell down a flight of stairs while in a restaurant investigating a possible burglary.  Even though the specific hazard that caused him to fall (slippery and cluttered stairs) was distinct from the hazard that brought him to the scene (the burglar alarm), the court found that the Professional Rescuers' Doctrine applied and his negligence claim against the restaurant was barred.

6

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

JOHN W. WINDSOR, JR.,

                           Plaintiff,

    *v.*

WHITMAN-WALKER CLINIC, INC.

and                                                     **Case No.: 1:07-cv-01020  RMC**

ADAMS & WIGHT

and

JOHN DOE
ADDRESS UNKNOWN
                           Defendants.

## ORDER

Upon consideration of the Motion to Dismiss of Defendant Whitman-Walker Clinic, any

Opposition thereto, and in consideration of the entire record herein, it is by the Court this

_____ day of _____, 2007 hereby ordered:

   1.  That the Motion of Defendant Whitman-Walker Clinic be and the same is hereby

**GRANTED, AND IS FURTHER ORDERED**;

   2.  That the Plaintiff's claims against Defendant Whitman-Walker Clinic be

**DISMISSED WITH PREJUDICE.**

_____
Rosemary M. Collyer
United States District Judge