**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| JOHN W. WINDSOR, JR. | : | |
| Plaintiff | : | |
| v. | : | Case No.: 1:07-cv-01020 RMC |
| WHITMAN-WALKER CLINIC, INC., et. al. | : | |
| Defendants | : | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT WHITMAN-WALKER
CLINIC'S MOTION TO DISMISS**

COMES NOW, the Plaintiff JOHN W. WINDSOR, JR., by and through counsel, VAN GRACK, AXELSON, WILLIAMOWSKY, BENDER & FISHMAN, P.C. and BRETT WEISS, P.C., and Opposes the Defendant, Whitman-Walker Clinic's Motion to Dismiss and states as follows:

1. Defendant, Whitman-Walker Clinic has filed a Motion to Dismiss the Amended Complaint alleging that it is not liable for the negligence of its independent contractor, Co-Defendant, Adams and Wright.

2. As set forth more fully in Plaintiff's Memorandum of Points and Authorities in Opposition to the Motion to Dismiss, the issue of whether Co-Defendant, Adams and Wright was an independent contractor or an agent of the Defendant, Clinic is a question of fact that cannot be decided on a Motion to Dismiss.

3. Specifically, Plaintiff should be allowed discovery on the issue of whether Co-Defendant, Adams and Wright was an agent of Defendant, Clinic and thus, Clinic would be liable under the doctrine of <u>respondeat superior</u>.

4. Further, Defendant, Clinic is separately and independently liable for dangerous

conditions on its property that it fails to inspect.

5. Again, whether the Defendant, Clinic had a duty to inspect the property for dangerous conditions and maintain the property is a question of fact that can but not be decided on a Motion to Dismiss.

6. Finally, Defendant, Clinic asserts that the professional rescuers doctrine bars this claim.

7. In fact, the professional rescuers doctrine is not applicable to this claim because the facts of this case falls within a well recognized exception to the doctrine - - the independent negligence doctrine.

8. Plaintiff respectfully refers this honorable court to his Memorandum of Points and Authorities in further support of Plaintiff's Opposition to the Motion to Dismiss.

WHEREFORE, Plaintiff respectfully requests that the Motion to Dismiss be denied on all grounds.

Respectfully submitted,

**VAN GRACK, AXELSON, WILLIAMOWSKY, BENDER & FISHMAN, P.C.**

**BRETT WEISS, P.C.**

/S/ Bruce M. Bender
Bruce M. Bender, D.C. Bar # 381319
401 N. Washington Street, Suite 550
Rockville, Maryland 20850
(301) 738-7660 (Phone)
(301) 424-0124 (Fax)
Attorneys for Plaintiff

/S/ Brett Weiss
Brett Weiss, D.C. Bar # 404420
18200 Littlebrook Drive
Olney, Maryland 20832
(301) 924-4400 (Phone)
(301) 570-3025 (Fax)
Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that on this 30th day of July 2007, a copy of the foregoing was mailed, postage prepaid first class to:

John M. Murdock, Esq.
Julianna S. Gonen, Esq.
EPSTEIN, BECKER & GREEN, P.C.
1227 25th Street, N.W., Suite 700
Washington, D.C. 20037-1175

                                       /S/ Bruce M. Bender
                                       Bruce M. Bender

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN W. WINDSOR, JR. | : |
| Plaintiff | : |
| v. | : Case No.: 1:07-cv-01020 RMC |
| WHITMAN-WALKER CLINIC, INC., et. al. | : |
| Defendants | : |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT WHITMAN-WALKER CLINIC'S MOTION TO DISMISS**

COMES NOW, the Plaintiff JOHN W. WINDSOR, JR., by and through counsel, VAN GRACK, AXELSON, WILLIAMOWSKY, BENDER & FISHMAN, P.C. and BRETT WEISS, P.C., and files this Memorandum of Points and Authorities in Support of Plaintiff's Opposition to Defendant Whitman-Walker Clinic's (hereinafter Defendant Clinic) Motion to Dismiss and states as follows:

**I.     Plaintiff's Complaint is Proper under Fed. R. Civ. P. 8(a)(2)**

Fed R. Civ. P. 8(a)(2) requires that a pleading which sets forth a claim for relief should contain a "short and plain statement of the claim showing that the pleader is entitled to relief." In the instant matter, the Plaintiff's Complaint contains a clear set of allegations regarding the relationship between the parties, the duties owed by the Defendant Clinic as a property owner and the allegations of negligence causing Plaintiff severe personal injuries as a result of the breach of those duties. The Complaint further alleges that the Defendant Clinic was negligent per se as a result of its failure to comply with District of Columbia building requirements for handrails in stairways.

Defendant Clinic in its Motion to Dismiss asserts that the allegations must be

enough to raise a right to relief above the speculative level and concedes that a complaint attacked by a Rule 12(b) (6) does not need detailed factual allegations. The Plaintiff's complaint is based on the negligence and negligence per se of the Defendant Clinic's failure to properly inspect and maintain its property and the factual allegations made by the Plaintiff are sufficient to maintain its cause of action. Consequently, the Defendant Clinic's motion cannot be granted as it does not appear "beyond doubt that the [Plaintiff] can prove no set of facts in support of his claim which would entitled him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2. L.Ed. 2d 80 (1957).

II. **The Issue Of Whether Co-Defendant Adams And Wright Was An Agent Or An Independent Contractor Is A Question Of Fact That Is Subject To Discovery And Can Not Be Decided On A Motion To Dismiss**

Defendant Clinic asserts that Plaintiff has alleged in the Amended Complaint that Co-Defendant Adams and Wright was a "independent contractor" with the Clinic to renovate its premises and therefore Defendant, Clinic cannot be held liable in any manner. (Defendant's Memorandum at 3 citing Amended Complaint, Pars. 3,6,23). In fact, Plaintiff did not allege that Co-Defendant Adams and Wright was an "independent contractor" but simply alleged that this Co-Defendant entered into a contract with Defendant Clinic to renovate the premises in question. Nowhere in the Amended Complaint does Plaintiff use the phrase "independent contractor" to describe the contractual relationship between Co-Defendants Adams and Wright and Clinic.

Moreover, the issue of whether Adams and Wright would be considered an "independent contractor" or "an agent" of Defendant Clinic depends principally upon the degree of control exerted by Defendant Clinic with respect to Co-Defendant Adams and Wright's actions in renovating the building. Said issue of control is clearly an issue of

fact that Plaintiff should be allowed to conduct discovery on. If there was sufficient control exerted by Defendant Clinic, then Defendant Clinic could be liable under the doctrine of respondent superior for the actions of its agents. See e.g. Prunte v. Universal Music Group, 484 F.Supp. 2d 32, 43 (D.D.C. 2007) - respondeat superior doctrine holds principal liable for agents actions; Henderson v. Charles E. Smith Mgt., Inc., 567 A.2d 59, 62 (D.C. App. 1989) - issue of whether management company had right to exercise control over decisions about maintenance of boiler creating an agency relationship was a question of fact.

In the instant action, the Plaintiff has not had an opportunity to conduct discovery to determine the actual relationship between the Co-Defendants and the control exerted by Defendant, Clinic over Co-Defendant, Adams and Wright with respect to the contract between the parties.

Plaintiff should be entitled to discovery to determine the degree of control Defendant Clinic exerted over Defendant Adams and Wright with regard to the renovation of the building in question. Also, it is a factual issue and discovery should be allowed regarding information concerning Defendant Clinic's knowledge of the defect in the stairway which caused the Plaintiff's injuries. These are questions of fact and the courts have held that a "factual question cannot be resolved by the court on a motion to dismiss for failure to state a claim." Oparaugo v. Watts, 884 A.2d 63, 79 (D.C. App. 2005). See also Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001) ( district court erred in not only resolving disputed factual issues, but in even considering them, because motion under Rule 12(b)(6) tests only legal sufficiency of claims, not factual sufficiency); Wright & A. Miller, 5B Fed. Prac. & Proc. Civ.3d § 1357 (if in the light most

favorable to the plaintiff and with every doubt resolved in the pleader's behalf the complaint states any legally cognizable claim for relief, the motion to dismiss under Rule 12(b)(6) must be denied and the action should be permitted to continue).

Accordingly, the Motion to Dismiss must be denied on this issue of whether Co-Defendant, Adams & Wright was an independent contractor.

### III. Defendant Clinic Is Independently Liable Because It Had A Duty To Inspect The Property For Dangerous Conditions And Maintain the Property

In its motion to dismiss, Defendant Clinic alleges it is also not liable because it did not have knowledge of the construction business and was not aware of any special precautions that should have been taken concerning the stairway. However, "actual knowledge is not required for independent liability; it is enough in the exercise of reasonable care, [Defendant] should have known" that the condition of the stairway and the lack of a proper railing violated the standards of the District of Columbia Building Code. See Whetzel v. Jess Fisher Mgmt. Co., 282 F.2d 943 (D.C. Cir. 1960). Specifically, District of Columbia Building Code §R-315 requires that "handrails shall be provided on at least one side of stairways consisting of three or more risers." (See copy of Building Code, Ex. 1) In the case at bar, the Plaintiff suffered injuries as a result of the Defendant Clinic's failure to provide any railings, a clear violation of this code.

Defendant Clinic is attempting to pass any and all potential liability onto Defendant Adams and Wright. However, Plaintiff is still entitled to expect that the owner has inspected the premises for dangerous conditions. See Sandoe v. Lefta Associates, 559 A.2d 732, 744 (1988) citing The Law of Premises Liability §4.6, at 77. In Sandoe, the plaintiff made a claim against a hotel owner for injuries she sustained when she

stepped on a grate that collapsed causing her to fall thirty feet. The court held a "landowner is liable if one lawfully upon his premises is injured by a dangerous condition which, in the exercise of ordinary care, the landowner should have discovered and either corrected or warned about." Sandoe, 559 A.2d at 741. The court further held that "whether an inspection is required in a particular case, and if so, the nature of the inspection are, questions of fact." Id. at 743. Again, Plaintiff should be entitled to discovery on this issue as to whether any inspections ever occurred or should have been done by Defendant Clinic during the ongoing renovation in its building and whether a failure to inspect or warn constituted negligence. These are again issues of fact.

Furthermore, it is clear that the District of Columbia considers stairways without handrails to be a dangerous condition and thus have specifically included it in the Building Code. This gives credence to Plaintiff's argument that inspections were required and Defendant Clinic was negligent by not inspecting its building to ensure that its building was safe. At best this is a factual issue that can not be decided on a Motion to Dismiss.

In sum, if Defendant Clinic did not inspect the property while its renovation was occurring, Defendant Clinic's actions can be considered by a jury to be negligent and negligent per se and the proximate cause of the Plaintiff's injuries. Defendant Clinic's argument regarding independent contractor liability and lack of knowledge of the defect are questions of fact for the trier of fact and therefore Plaintiff's complaint cannot be dismissed under a Rule 12(b)(6) motion and Defendant's motion should be denied.

**IV.    The Professional Rescuer's Doctrine Is Not Applicable**

Defendant Clinic finally argues that just because the Plaintiff was at the

Defendant Clinic's property in his capacity as a fire fighter that he is barred from making a claim against Defendant Clinic for its negligence. Plaintiff strongly disagrees and contends that the Professional Rescuer's Doctrine is inapplicable to this case because the facts of this case fall within a well recognized exception to this doctrine – the independent negligence doctrine. This doctrine has been recognized by the D.C. Circuit in Scottish Rite Supreme Council v. Jacobs, 266 F. 2d 675 (D.C. Cir. 1959) . In Scottish Rite, a firefighter/plaintiff brought an action against a landowner for falling into an uncovered shaft that was left on the premises with knowledge by the landowner. The D.C. Circuit affirmed a finding of the District Court that the owner was liable for the firefighter's injuries. Id. Scottish Rite is on all fours with the present case and must be applied to the facts herein.

     Defendant Clinic relies heavily on Lee v. Luigi, 696 A.2d 1371 (1997). However, the facts in the instant matter are distinguishable from Lee. In Lee, a police officer was engaging in rescue activity (i.e. investigating a robbery) at the time he slipped and fell on a cluttered stairway and thus was subject to the professional rescuer doctrine. In this case, the Plaintiff's injuries were sustained after he had secured the building (Amended Complaint ¶ 10) and were the direct result of the Defendant Clinic's failure to provide handrails in the stairway (a dangerous condition), not as a result of any rescue attempt or action within the course of his duties as a firefighter. In fact, Lee recognizes the independent negligence exception which states that where the "condition which gave rise to the injuries was not caused by or connected with the fire itself" the court has found in favor of the firefighter and cites Scottish Rite Supreme Council, supra. The D.C. Court of Appeals in Lee, supra, however, finds Scottish Rite to be distinguishable

because only ordinary negligence was alleged in Lee. Yet, in the case sub judice, Plaintiff has alleged that the Defendants were "negligent per se" because of the gross violation of the D.C. Building Code, a higher level of negligence. Thus Lee is distinguishable on this basis from the outset.

The Lee Court attempts to distinguish Scottish Rite by asserting that there were no facts in Lee involving a dangerous concealed condition that caused injury but only a cluttered stairway. However, in the present case, that is exactly what Plaintiff is alleging and why Scottish Rite must be applied to this case. Plaintiff fell down an open stairway that did not have any barriers to prevent him from falling down this open hole. (Am. Compl. At Par. 12). This clearly was a dangerous concealed condition because Plaintiff could not see the lack of a railing or handrails given the smoke in the building. Accordingly, this is an independent act of negligence and the professional rescuer's doctrine cannot be applied.

In the instant matter, the Plaintiff was not at the Defendant Clinic's property as a result of the Defendant Clinic's failure to provide handrails. Furthermore, the Defendant Clinic's negligence in not providing a handrail in the stairway was not caused by the fire at the premises and thus was an independent act of negligence. Therefore, the professional rescuer doctrine does not apply to the Plaintiff and the Defendant Clinic's motion to dismiss should be denied on this basis also.

**V.     Conclusion**

For all of the foregoing reasons, Plaintiff respectfully requests that Defendant Clinic's Motion to Dismiss be denied on all issues.

Respectfully submitted,

| | |
|---|---|
| **VAN GRACK, AXELSON, WILLIAMOWSKY, BENDER & FISHMAN, P.C.** | **BRETT WEISS, P.C.** |
| /S/ Bruce M. Bender | /S/ Brett Weiss |
| Bruce M. Bender, D.C. Bar # 381319 | Brett Weiss, D.C. Bar # 404420 |
| 401 N. Washington Street, Suite 550 | 18200 Littlebrook Drive |
| Rockville, Maryland 20850 | Olney, Maryland 20832 |
| (301) 738-7660 (Phone) | (301) 924-4400 (Phone) |
| (301) 424-0124 (Fax) | (301) 570-3025 (Fax) |
| Attorneys for Plaintiff | Attorneys for Plaintiff |

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 30th day of July 2007, a copy of the foregoing was mailed, postage prepaid first class to:

John M. Murdock, Esq.
Julianna S. Gonen, Esq.
EPSTEIN, BECKER & GREEN, P.C.
1227 25th Street, N.W., Suite 700
Washington, D.C. 20037-1175

          /S/ Bruce M. Bender
          Bruce M. Bender

*District of Columbia Building Code Supplement of 2003*

height within any flight of stairs shall not exceed the smallest by more than 3/8 inch (9.5 mm). The greatest tread depth within any flight of stairs shall not exceed the smallest by more than 3/8 inch (9.5 mm).

*Revise Section R-314.2.1 Exception 1 to read as follows:*

> **Exceptions:**
> 1. A nosing is not required where the tread is a minimum of 10 inches (254 mm).

*Revise Section R-314.6 to read as follows:*

**R-314.6. Circular stairways.** Circular stairways shall have a tread depth at a point not more than 12 inches (305 mm) from the side where the treads are narrower of not less than 10 inches (254 mm) and the minimum depth of any tread shall not be less than 6 inches (152 mm). Tread depth at any walking line, measured a consistent distance from a side of the stairway, shall be uniform as specified in R-314.2

## SECTION R-315 HANDRAILS

*Delete Section R-315.1 in its entirety and add new paragraph to read as follows (maintain Exceptions to this Section):*

**R-315.1 Handrails.** Handrails shall be provided on at least one side of stairways consisting of three or more risers. Handrails shall have a minimum height of 34 inches (864 mm) and a maximum height of 38 inches (965 mm) measured vertically from the nosing of the treads. All required handrails shall be continuous the full length of the stairs from a point directly above the top riser to a point directly above the lowest riser of the stairway. The ends of the handrail shall be returned into a wall or shall terminate in newel posts or safety terminals. A minimum clear space of 1-1/2 inches (38 mm) shall be provided between the wall and the handrail.

## SECTION R-321 DWELLING UNIT SEPARATION

*Delete Section R-321.3.2 Exceptions and add the following new Exceptions to read as follows:*

> **R-321.3.2 Membrane penetrations.** Membrane penetrations shall comply with Section R-321.3.1. Where walls are required to have a minimum 1-hour fire resistance rating, recessed light fixtures shall be so installed such that the required fire resistance will not be reduced.
>
> **Exceptions:**
> 1. Steel electrical boxes that do not exceed 16 square inches ($0.0103 m^2$) in area provided the total area of such openings does not exceed 100 square inches ($0.0645 m^2$) for any 100 square feet ($9.29 m^2$) of wall area. Outlet boxes on opposite sides of the wall shall be separated as follows:
>
>     1.1 By a horizontal distance of not less than 24 inches (610 mm), or

- 223 -



UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN W. WINDSOR, JR. | : |
| Plaintiff | : |
| v. | : Case No.: 1:07-cv-01020 RMC |
| WHITMAN-WALKER CLINIC, INC., et. al. | : |
| Defendants | : |

### REQUEST FOR HEARING

Plaintiff hereby requests a hearing on the instant motion.

Respectfully submitted,

**VAN GRACK, AXELSON, WILLIAMOWSKY,**    **BRETT WEISS, P.C.**
**BENDER & FISHMAN, P.C.**


/S/ Bruce M. Bender                              /S/ Brett Weiss
Bruce M. Bender, D.C. Bar # 381319     Brett Weiss, D.C. Bar # 404420
401 N. Washington Street, Suite 550       18200 Littlebrook Drive
Rockville, Maryland 20850                      Olney, Maryland 20832
(301) 738-7660 (Phone)                          (301) 924-4400 (Phone)
(301) 424-0124 (Fax)                              (301) 570-3025 (Fax)
Attorneys for Plaintiff                              Attorneys for Plaintiff

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 30th day of July 2007, a copy of the foregoing was mailed, postage prepaid first class to:

John M. Murdock, Esq.
Julianna S. Gonen, Esq.
EPSTEIN, BECKER & GREEN, P.C.
1227 25th Street, N.W., Suite 700
Washington, D.C. 20037-1175

/S/ Bruce M. Bender
Bruce M. Bender

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN W. WINDSOR, JR. | : |
| Plaintiff | : |
| v. | :   Case No.: 1:07-cv-01020 RMC |
| WHITMAN-WALKER CLINIC, INC., et. al. | : |
| Defendants | : |

## ORDER

UPON CONSIDERATION of Defendant, Whitman-Walker Clinic's Motion to Dismiss and Plaintiff's Opposition thereto, it is this _____ day of _____, 2007, by the United States District Court for the District of Columbia,

ORDERED: that Defendant, Whitman-Walker Clinic's Motion to Dismiss is Denied.

_____
Honorable Rosemary M. Collyer