## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JOHN W. WINDSOR, JR.                          :

      Plaintiff,                          :

v.                                            :          Case No.: 1:07-cv-01020 RMC

WHITMAN-WALKER CLINIC, INC., et al            :

      Defendants.                          :

## <u>MOTION FOR LEAVE OF COURT TO FILE</u>
## <u>SECOND AMENDED COMPLAINT</u>

COMES NOW the Plaintiff, JOHN W. WINDSOR, JR., by and through counsel, AXELSON, WILLIAMOWSKY, BENDER & FISHMAN, P.C., and moves for Leave of Court to File a Second Amended Complaint to correct the name of the Defendant, ADAMS & WIGHT CONTRACTING CO., LLC, and states as follows:

1.    Plaintiff filed an Amended Complaint in this case on June 20, 2007 adding the Co-Defendant, Adams and Wright, a contractor who performed work in the subject office building in the District of Columbia.

2.    Plaintiff mistakenly listed the name of this Co-Defendant as "Adams & Wright" instead of "Adams & Wight Contracting Co., LLC."

3.    Plaintiff seeks Leave of Court to amend by interlineation the proper name and address of the Co-Defendant, Adams & Wight Contracting Co., LLC, so that a new Summons can be issued.

4.    The only change in the Second Amended Complaint is to correct the Co-Defendant's name to Adams & Wight Contracting Co., LLC.

5.    Defendant, Whitman-Walker Clinic, Inc. consents to this Motion.

WHEREFORE, Plaintiff respectfully requests Leave of Court to Amend the

Complaint by interlineation to properly name the Co-Defendant, Adams & Wight

Contracting Co., LLC.

Respectfully submitted,
AXELSON, WILLIAMOWSKY,
BENDER & FISHMAN, P.C.


/S/ Bruce M. Bender
Bruce M. Bender, D.C. Bar #381319
401 N. Washington Street, Suite 550
Rockville, Maryland 20850
(301) 738-7660

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th day of October 2007, a copy of the
foregoing was mailed, postage prepaid first class to:

John M. Murdock, Esq.
Julianna S. Gonen, Esq.
EPSTEIN, BECKER & GREEN, P.C.
1227 25th Street, N.W., Suite 700
Washington, D.C. 20037-1175

/S/ Bruce M. Bender
Bruce M. Bender

## GROUNDS AND AUTHORITIES

1.    Federal Rules of Civil Procedure 15.

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JOHN W. WINDSOR, JR.                           :

      Plaintiff,                                      :

v.                                                        :   Case No.: 1:07-cv-01020 RMC

WHITMAN-WALKER CLINIC, INC.          :
                                 :

and                                                       :

ADAMS & WIGHT CONTRACTING CO., LLC
3907 Fairview Drive
Fairfax, VA 22031                                  :

      SERVE:                                          :
      Virginia State Corporation Commission
      ATTN: Clerk's Office                        :
      1300 E. Main Street
      P O Box 1197                                   :
      Richmond VA 23218

                                 :

and                                                       :

JOHN DOE                                             :
ADDRESS UNKNOWN                         :

      Defendants.                                   :

## SECOND AMENDED COMPLAINT

COMES NOW the Plaintiff, JOHN W. WINDSOR, JR., by and through counsel,

AXELSON, WILLIAMOWSKY, BENDER & FISHMAN, P.C., and BRUCE M. BENDER,

and BRETT WEISS, P.C., and BRETT WEISS, and files this First Amended Complaint

against Defendants, WHITMAN-WALKER CLINIC, INC., (hereinafter "Clinic"), ADAMS

& WIGHT CONTRACTING CO., LLC, (hereinafter "Contractor"), and JOHN DOE II, and

in support thereof states as follows:

## JURISDICTION AND VENUE

1.     The Plaintiff is over the age of 18 years old and is a resident of St. Mary's County, Maryland, and worked as a firefighter in Washington D.C. at the time of the incident which is the subject of this Complaint.

2.     The Defendant Clinic is a business incorporated and doing substantial business in Washington, D.C., with its principal place of business and substantial other properties located in Washington, D.C.  The location of the incident which is the subject of this litigation is property owned by the Defendant, and located in Washington, D.C.

3.     The Defendant, Contractor, is a general contracting business incorporated and doing substantial business in Washington, D.C., with its principal place of business in Fairfax, Virginia, and was employed by the Defendant Clinic for the purpose of renovating the residential dwelling owned by the Defendant, which is the location of the subject incident.

4.     The Defendant, JOHN DOE, is an unknown entity, and upon information and belief, is subcontractor employed by the Defendant Clinic for the purpose of renovating the residential dwelling owned by the Defendant, which is the location of the subject incident.

5.     This Court has jurisdiction pursuant to D.C. Code §11-921 and §13-423(a)(3).

## FACTS

6.     On August 20, 2004, the Plaintiff was a firefighter in Washington, D.C., Company RS-3, responding to a dispatched call of a fire at 2303 Martin Luther King, Jr.

Avenue, SE, Washington, D.C.  Said building was a residential dwelling owned and operated by the Defendant CLINIC, which was in the process of renovation. Said renovation was being undertaken by the Defendants, Contractor and John Doe, upon Plaintiff's information and belief.

7.    Although the fire was confined to the basement level of the residential dwelling, there was heavy smoke on the first and second floors, necessitating dispersion of firefighters on the first and second floors.

8.    The Plaintiff was assigned to the B team, operating on the second floor, in an effort to contain and extinguish the fire and smoke, and to search for persons trapped inside the burning building.

9.    After searching and securing the rear of the house on the second floor, Plaintiff made his way back toward the front of the house on the second floor, past the stairway.

10.    As Plaintiff passed the stairs in the hallway of the smoke filled building, he fell from the second floor straight down to the first floor, due to the fact that there were no bannisters, and there was no railing or bracing with which he could have supported himself.  The missing bannisters, railing, and bracing violated the D.C. Building Code and constitutes negligence per se.

11.    The Defendants had actual and/or constructive knowledge of the missing bannisters, railing and/or bracing, and failed to properly, competently and adequately place a bannister, railings, and/or bracing around the stairway.

12.    The Plaintiff fell down an open stairway of the Defendant's Clinic's building that did not have any railing, warning or barrier to prevent someone from walking into

-3-

the open hole.  At the time of the accident, Plaintiff was working as a firefighter and said fall caused severe injuries to his neck, back, shoulders, and knees such that he had to undergo three (3) surgeries and will require further surgery, and he is permanently and totally disabled from all employment.

## COUNT I
### (Negligence by Defendant Clinic)

13.  Paragraphs 1 through 12 are incorporated herein by reference as though repeated in full.

14.  The Defendant Clinic had a duty of care to properly maintain its residential dwelling such that it would be rendered safe for persons to enter and move about inside.

15.  The Defendant Clinic was negligent per se in violation of the D.C. Building Code, and otherwise negligent, and breached its duty by failing to properly, competently, and adequately place bannisters, railings, and/or bracing around the stairway, despite having actual and/or constructive knowledge that there were no bannisters, railing and/or bracing.  Said breach creating a dangerous condition in the building.

16.  The Defendant Clinic's negligence directly and proximately caused the Plaintiff to suffer severe injuries when he fell from the second floor to the first floor, on Defendant Clinic's property, while performing his job as a firefighter.

17.  That as a direct and proximate result of Defendant Clinic's negligence, with no negligence on the part of the Plaintiff contributing in any way thereto, Plaintiff has suffered and will continue to suffer severe injuries to his neck, shoulders, back

and knees.

18.    That as a direct and proximate result of Defendant Clinic's negligence, Plaintiff

has  incurred extensive medical costs in the past and will continue to incur

extensive medical costs in the future.

19.    That as a direct and proximate result of the Defendant Clinic's negligence,

Plaintiff has also incurred pain, suffering and loss of enjoyment of his life in the

past and will continue to do so in future because of his severe and permanent

injuries.

20.    That as a further direct and proximate result of Defendant Clinic's negligence,

Plaintiff has lost significant wages in the past and will continue to do so in future

as he is permanently totally disabled from gainful employment as a result of his

severe and permanent injuries.

21.    The Plaintiff was not contributorily negligent in any way.

WHEREFORE, JOHN W. WINDSOR, JR., demands judgment from and against

the Defendants, WHITMAN-WALKER CLINIC, INC., in any amount of $3,500,000.00

plus interest and costs.

## COUNT II
### (Negligence by Defendants Contractor and John Doe)

22.    Paragraphs 1 through 21 are incorporated herein by reference as though

repeated in full.

23.    That at the time of this occurrence, Defendants Contractor and John Doe, an as

yet unknown subcontracting business, entered into a contract with Defendant,

Clinic, and/or each other to complete the renovation of the residential dwelling

which was the location of the subject occurrence.  Further, Defendant John Doe was a subcontractor renovating the stairway in question.

24. Defendants, Contractor and John Doe, had a duty of care to properly repair this residential dwelling during the renovation such that it would be rendered safe for persons to enter and move about inside and also to warn individuals of any dangerous conditions on the premises.

25. Defendants Contractor and John Doe were negligent per se in violation of the D.C. Building Code, and otherwise negligent, and breached its duty by failing to properly, competently, and adequately place bannisters, railings and/or bracing around the stairway, despite having actual and/or constructive knowledge that there were no bannisters, railings and/or bracing, said breach creating a dangerous condition in the building.

26. Defendants Contractor and John Doe's negligence directly and proximately caused the Plaintiff to suffer severe injuries when he slipped and fell from the second floor to the first floor, on Defendant Clinic's property, while performing his job as a firefighter.

27. That as a direct and proximate result of the Defendants Contractor's and John Doe's negligence, with no negligence on the part of the Plaintiff contributing in any way thereto, Plaintiff has suffered and will continue to suffer severe injuries to his neck, shoulders, back and knees.

28. That as a direct and proximate result of the Defendants Contractor's and John Doe's negligence, Plaintiff has  incurred extensive medical costs in the past and will continue to incur extensive medical costs in the future.

29.    That as a direct and proximate result of the Defendants Contractor's and John

Doe's negligence, Plaintiff has also incurred pain, suffering and loss of enjoyment

of his life in the past and will continue to do so in future because of his severe

and permanent injuries.

30.    That as a further direct and proximate result of Defendants Contractor's and John

Doe's negligence, Plaintiff has lost significant wages in the past and will continue

to do so in the future as he is permanently totally disabled from gainful

employment as a result of his severe and permanent injuries.

31.    The Plaintiff was not contributorily negligent in any way.

WHEREFORE, JOHN W. WINDSOR, JR., demands judgment from and against

the Defendants, ADAMS & WIGHT CONTRACTING CO., LLC and JOHN DOE, in any

amount of $3,500,000.00 plus interest and costs.

Respectfully submitted,

**AXELSON, WILLIAMOWSKY,**                    **BRETT WEISS, P.C.**
**BENDER & FISHMAN, P.C.**


 /S/ Bruce M. Bender                              /S/ Brett Weiss
Bruce M. Bender, D.C. Bar # 381319         Brett Weiss, D.C. Bar # 404420
401 N. Washington Street, Suite 550        18200 Littlebrook Drive
Rockville, Maryland 20850                   Olney, Maryland 20832
(301) 738-7660 (Phone)                      (301) 924-4400 (Phone)
(301) 424-0124 (Fax)                        (301) 570-3025 (Fax)
Attorneys for Plaintiff                     Attorneys for Plaintiff

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 17<u>th</u> day of <u>October 2007</u>, a copy of the foregoing was mailed, postage prepaid first class to:

John M. Murdock, Esq.
Julianna S. Gonen, Esq.
EPSTEIN, BECKER & GREEN, P.C.
1227 25th Street, N.W., Suite 700
Washington, D.C. 20037-1175


<u>/S/ Bruce M. Bender</u>
Bruce M. Bender

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

JOHN W. WINDSOR, JR.                          :

      Plaintiff,                                   :

v.                                            :          Case No.: 1:07-cv-01020 RMC

WHITMAN-WALKER CLINIC, INC., et al            :

      Defendants.                                 :

<u>**ORDER**</u>

      UPON CONSIDERATION of Plaintiff's Motion for Leave of Court to File Second

Amended Complaint, it is this _____ day of _____, 2007, by the

United States District Court for the District of Columbia,

      ORDERED: that Plaintiff's Motion for Leave of Court to File Second Amended

Complaint is granted to properly name the Co-Defendant, Adams & Wight Contracting

Co., LLC, and it is further,

      ORDERED: that the Defendant, Whitman-Walker Clinic, Inc. shall not be required

to file an Answer or responsive pleading to the Second Amended Complaint because of

the Court's prior rulings.

                               _____
                               Honorable Rosemary Collyer
                               U.S. District Court for the District of Columbia