# AXELSON, WILLIAMOWSKY, BENDER AND FISHMAN, P.C.

ATTORNEYS AND COUNSELORS AT LAW

JEFFREY M. AXELSON (MD, DC, FL)
SAMUEL D. WILLIAMOWSKY (MD, DC)
BRUCE M. BENDER (MD, DC, IL)
JEREMY K. FISHMAN (MD, DC)

ERICA T. DAVIS (MD, DC, VA)
RAMZY HALABY (MD, DC)
KOUSHIK BHATTACHARYA (MD)
ANDREW SINDLER (MD)

401 NORTH WASHINGTON STREET
SUITE 550
ROCKVILLE, MARYLAND 20850

(301) 738-7600
FAX: (301) 424-0124
WEBSITE: WWW.VAWLAW.COM

WITH OFFICES IN

MCLEAN, VA

WASHINGTON, D.C.

FREDERICK, MD

ELLICOTT CITY, MD

WRITER'S DIRECT NUMBER:

Legal Assistant
Terri L. Peters (301) 738-7661
tlp@vawlaw.com

Bruce M. Bender
(301) 738-7660
bmb@vawlaw.com

October 29, 2007

Honorable Rosemary Collyer
United States District Court
For the District of Columbia
333 Constitution Ave., NW
Washington, DC 20001

Re:   John Windsor, Jr. v. Whitman-Walker Clinic, Inc., et al
      Case No.: 1:07-cv-01020 RMC

Dear Judge Collyer:

I am writing in response to your Court Order of October 16, 2007 requesting a status of the attempt to serve process on the additional Defendants in this case.

As you know, the Plaintiff, after receiving your Court Order filed a Motion for Leave of Court to File a Second Amended Complaint recently. You granted leave of court to file the Second Amended Complaint to properly name the Defendant, Adams & Wight Contracting Co., LLC.

Thereafter, the Plaintiff immediately requested the Court to issue a Summons and the Summons was received on October 23, 2007. The Summons was served on the Defendant's Adams & Wight Contracting Co., LLC, by serving the Virginia State Corporation Commission on October 29, 2007 by Federal Express. (See attached Affidavit of Service)

A copy of the Affidavit of Service is enclosed herein. Said service was proper because Adams & Wight Contracting Co., LLC, does not have a registered agent and thus service is allowed on the Virginia Corporation Commission pursuant to Virginia law. (Va. Code Ann. §13.1-836(B)

The Plaintiff therefore has served this Defendant and cannot serve any additional Defendants because of the fact that Plaintiff does not know the identities of any additional sub-

contractors that may have worked on the stairwell in question. The identities of these additional Defendants will not be known until discovery takes place in this matter.

Accordingly, the Plaintiff encloses herein an Amended Motion for Stay of Proceedings since service has now been effectuated on Adams & Wight Contracting Co., LLC.

Your prompt attention to this matter is sincerely appreciated.

Sincerely,
AXELSON, WILLIAMOWSKY, BENDER
& FISHMAN, P.C.

|s|

Bruce M. Bender
D.C. Bar #381319

BMB/tlp
enclosure
cc: John Windsor
   Brett Weiss
   John M. Murdock, Esq.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED
OCT 2 3 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

John W. Windsor, Jr.
_____
Plaintiff

vs.    Civil Action No. 1:07-cv-01020 RMC

Whitman-Walker Clinic, Inc., et al
_____
Defendant

## NOTICE OF APPEAL

Notice is hereby given this  19th  day of  October  , 20 2007 , that

Plaintiff, John W. Windsor

hereby appeals to the United States Court of Appeals for the District of Columbia Circuit from

the judgment of this Court entered on the  2nd  day of  October  , 20 07

in favor of  Defendant, Whitman-Walker Clinic, Inc.

against said  Plaintiff, John W. Windsor.

_____
Attorney or Pro Se Litigant

(Pursuant to Rule 4(a) of the Federal Rules of Appellate Procedure a notice of appeal in a civil action must be filed within 30 days after the date of entry of judgment or 60 days if the United States or officer or agency is a party)

**CLERK**    Please mail copies of the above Notice of Appeal to the following at the addresses indicated:

John M. Murdock, Esq.
EPSTEIN, BECKER & GREEN, P.C.
1227 25th Street, N.W., Suite 700
Washington, D.C. 20037-1175

Adams & Wight Contracting Co., LLC
3907 Fairview Drive
Fairfax, VA 22031

Virginia State Corporation Commission
ATTN: Clerk's Office
1300 E. Main Street
P O Box 1197
Richmond VA 23218

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JOHN W. WINDSOR, JR., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> WHITMAN-WALKER CLINIC, INC., *et al.*, ) <br> ) <br> Defendants. ) | Civil Action No. 07-1020 (RMC) |

ORDER

For the reasons stated in the Memorandum Opinion filed simultaneously with this Order, it is hereby

**ORDERED** that the motion to dismiss filed by the Whitman-Walker Clinic, Inc. [Dkt. # 7] is **GRANTED**; and it is

**FURTHER ORDERED** that this case is **DISMISSED**; accordingly, this case is closed.

This is a final appealable order. *See* Fed. R. App. P. 4(a).

**SO ORDERED.**

Date: October 2, 2007                    /s/
ROSEMARY M. COLLYER
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JOHN W. WINDSOR, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 07-1020 (RMC) |
| ) | |
| WHITMAN-WALKER CLINIC, INC., *et* ) | |
| *al.*, ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM OPINION

Plaintiff John Windsor Jr. was a firefighter who, while battling a fire in a building undergoing renovation, was severely injured when he fell from the second floor to the first floor. Mr. Windsor brought this suit in negligence, alleging that the building's owner, Whitman-Walker Clinic, Inc. (the "Clinic"), and the contractors performing the renovation are liable because the second floor hallway had no railing. The Clinic filed a motion to dismiss. Because the professional rescuer doctrine bars recovery in this case, the Clinic's motion will be granted.

I. FACTS

On August 20, 2004, Mr. Windsor was working as a firefighter in Washington, D.C., when he responded to a dispatched call of a fire at 2303 Martin Luther King Jr. Avenue. Am. Compl. ¶ 6. The building was owned by the Clinic and it was undergoing renovation by a contractor,

Adams & Wright[1] (the "Contractor") and an unknown subcontractor. *Id.* ¶ 6.[2] Although the fire was in the basement of the building, there was heavy smoke and firefighters were dispersed to the first and second floors. *Id.* ¶ 7. Mr. Windsor was part of a team assigned to contain and extinguish the fire and smoke on the second floor and to search for persons who might be trapped. *Id.* ¶ 8. "After searching and securing the rear of the [building] on the second floor, [Mr. Windsor] made his way back toward the front of the [building] on the second floor, past the stairway. As [Mr. Windsor] passed the stairs in the hallway of the smoke[-]filled building, he fell from the second floor straight down to the first floor, due to the fact that there were no bannisters, and there was no railing or bracing with which he could have supported himself." *Id.* ¶¶ 9-10. Mr. Windsor suffered severe injuries to his neck, back, shoulders, and knees. *Id.* ¶ 12. He is permanently disabled. *Id.*

As a result of this incident, Mr. Windsor filed a complaint against the Clinic, the Contractor, and an unknown subcontractor alleging negligent maintenance of premises.[3] The Clinic now moves to dismiss, asserting that the professional rescuer doctrine bars Mr. Windsor's tort recovery.

---

[1] The Amended Complaint names the Contractor "Adams & Wright," while the Clinic's motion and reply designates the Contractor "Adams & Wight."

[2] The Amended Complaint names the subcontractor as a John Doe defendant.

[3] Mr. Windsor filed the original complaint in D.C. Superior Court. The Clinic removed the case to federal court under 28 U.S.C. § 1441 based on diversity jurisdiction. Mr. Windsor resides in Maryland, the Clinic and the Contractor are incorporated in Washington, D.C., the principal place of business of the Clinic is Washington, D.C., and the principal place of business of the Contractor is Virginia. Am. Compl. ¶¶ 1-3. Mr. Windsor seeks over $3 million in damages, well exceeding the amount in controversy requirement of $75,000. Thus, diversity jurisdiction is proper. *See* 28 U.S.C. § 1332.

## II. STANDARD ON MOTION TO DISMISS

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the adequacy of a complaint on its face, testing whether a plaintiff has properly stated a claim. Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted). The court must treat the complaint's factual allegations — including mixed questions of law and fact — as true, drawing all reasonable inferences in the plaintiff's favor, *Macharia v. United States*, 334 F.3d 61, 64, 67 (D.C. Cir. 2003), *Holy Land Found. for Relief & Dev. v. Ashcroft*, 333 F.3d 156, 165 (D.C. Cir. 2003), and the facts alleged "must be enough to raise a right to relief above the speculative level," *Twombly*, 127 S. Ct. at 1965. But the court need not accept as true inferences unsupported by facts set out in the complaint or legal conclusions cast as factual allegations. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). In deciding a 12(b)(6) motion, the Court may consider only "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice." *Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 196 (D.D.C. 2002) (citation omitted).

## III. ANALYSIS

The professional rescuer doctrine prevents those engaged in rescue work, like firefighters and police officers, from recovering damages for on-the-job injuries that were the result of the negligence of others. *Lee v. Luigi, Inc.*, 696 A.2d 1371, 1373-74 (D.C. 1997). The rationale behind this rule is that professional rescuers have assumed the risks inherent in their profession. *Id.*

at 1374. Thus, professional rescuers are deemed to have assumed the risk of injury "from obvious dangers, those known to the rescuer during their course of work, or incidental to their work." *Id.*

The scope of the doctrine as it applies in cases asserting premises liability is illuminated by the case law. In *Lee v. Luigi*, for example, a police officer brought suit in negligence against a restaurant where the officer slipped and fell during the investigation of a suspected burglary. On the morning of the incident, the officer responded to a dispatcher's call for an activated alarm.[4] *Id.* at 1373. He entered the restaurant, which was closed for business, through an unlocked rear door, and called for back up. He then made his way up a stairway, cluttered with boxes and other items. When he reached the top of the stairs, the other officers had arrived and Officer Lee turned to descend the stairway. His holster caught on items stacked on the stairs and he slipped in something oily, falling and injuring himself severely. *Id.* The restaurant defended the suit based on the professional rescuer doctrine. Officer Lee argued that the doctrine did not apply because (1) at the time of his injury he had secured the premises and his professional duties had ended; and (2) his injury resulted from the independent negligence of the restaurant, negligent maintenance of the stairway, and not from any hazard usually associated with police work. The court rejected these arguments, finding that the officer was still engaged in police work at the time of the injury and that the condition of the stairs was not a hidden hazard and thus was a risk assumed by the officer.

> The condition of the stairs was there for Lee to observe, which he did on the way up. Moreover, police may reasonably expect that property owners may use portions of their premises to store items and that they may not keep them litter-free for those not expected ordinarily to enter those areas of the property.

---

[4] The restaurant's alarm system had been malfunctioning and had triggered approximately every 10 days for some time before this incident. *Lee*, 696 A.2d at 1373.

-4-

*Id.* at 1375-76.

Mr. Windsor argues that the professional rescuer doctrine does not apply to his case because his injuries were caused by the "independent negligence" of the defendants, citing *Scottish Rite Supreme Council v. Jacobs*, 266 F.2d 675 (D.C. Cir. 1959). Pl.'s Opp. at 6. In *Scottish Rite*, the D.C. Circuit permitted a firefighter to recover against a landowner for injuries he received when he fell into an uncovered shaft while fighting a fire. In a one paragraph per curiam opinion, the court explained, "The condition which gave rise to the injuries was not caused by or connected with the fire itself. It was alleged that the appellant owner had *with knowledge left a dangerous concealed condition on the premises.*" *Id.* (emphasis added).

*Scottish Rite* is inapposite; that case rested on premises liability for a concealed condition. *See Lee*, 696 A.2d at 1376 (distinguishing *Scottish Rite* for the same reason). Here, the lack of a second floor railing was open and obvious, and firefighters can reasonably expect that a building undergoing renovation may present open dangers. Mr. Windsor argues that the condition of the landing was obscured by smoke from the fire, and thus the danger was hidden. *See* Pl's Opp. at 7. The risk presented by smoke, however, is one of those risks assumed by firefighters. The Clinic cannot be liable for knowingly leaving a "hidden" dangerous condition; there is no allegation that the Clinic knew that the condition of the stairway would be obscured from view, and needless to say, the smoke that allegedly obscured the view of the landing was not ordinarily present. The professional rescuer doctrine bars Mr. Windsor's complaint.[5]

---

[5] Because Mr. Windsor is barred from recovering for his on-the-job injuries that were the result of the negligence of others, the Court does not need to reach the issues of whether the Clinic can be liable for the alleged negligent failure to inspect the premises, whether the Clinic can be vicariously liable for alleged negligence of the Contractor and the John Doe subcontractor, or whether the lack of a railing violated any building codes and thereby constituted negligence per se.

## IV. CONCLUSION

For the reasons explained above, the Clinic's motion to dismiss [Dkt. # 7] will be granted and this case will be dismissed. A memorializing order accompanies this Memorandum Opinion.

Date: October 2, 2007                              /s/
                                         ROSEMARY M. COLLYER
                                         United States District Judge

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JOHN W. WINDSOR, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-1020 (RMC) |
| | ) | |
| WHITMAN-WALKER CLINIC, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This matter came before the Court on Plaintiff's unopposed motion for certification of final judgment and for stay against co-defendant [Dkt. # 14]. The motion is **GRANTED IN PART AND DENIED IN PART** as follows:

Because the professional rescuer doctrine was the basis for dismissal of Plaintiff's complaint against the Whitman-Walker Clinic, Inc., *see* Mem. Op. and Order filed October 2, 2007 [Dkt. ##12 & 13], and this issue is a common question of law that would resolve the complaint against all defendants in this case, there is no just reason for delay of an appeal in this matter. Accordingly, it is hereby

**ORDERED** that Plaintiff's request for certification of final judgment is **GRANTED**; and it is

**FURTHER ORDERED** that the October 2, 2007 Order is certified as a final appealable judgment pursuant to Federal Rule of Civil Procedure 54(b).

In addition, although Plaintiff filed the complaint on May 4, 2007, and the complaint

was removed to federal court on June 5, 2007, the Court has no record that defendants Adams & Wright, John Doe I, and John Doe II have been served with the summons and complaint. Under Rule 4(m) of the Federal Rules of Civil Procedure, if the plaintiff has not served defendants with a summons and a complaint within 120 days after the filing of the complaint, the Court may dismiss the action. Accordingly, it is hereby

**ORDERED** that <u>on or before November 6, 2007,</u> Plaintiff must either: (1) file with the Court proof that Adams & Wright, John Doe I, and John Doe II have been served with a summons and complaint, or (2) provide the Court with a written explanation for why service of process has not been completed. If the Plaintiff fails to comply with this Order, or if the Court determines that the Plaintiff has not shown good cause for failure to comply with Rule 4(m), Adams & Wright, John Doe I, and John Doe II will be dismissed without prejudice; and it is

**FURTHER ORDERED** that Plaintiff's request for a stay is **DENIED without prejudice**.

**SO ORDERED.**

Date: October 16, 2007
_____/s/_____
ROSEMARY M. COLLYER
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN W. WINDSOR, JR. | : |
| Plaintiff, | : |
| v. | : Case No.: 1:07-cv-01020 RMC |
| WHITMAN-WALKER CLINIC, INC., et al | : |
| Defendants. | : |

## AFFIDAVIT OF SERVICE

I HEREBY CERTIFY that Adams & Wight Contracting Co., Inc. by and through Virginia State Corporation Commission, the Defendant herein, was served with a Summons, Complaint, Amended Complaint and Second Amended Complaint in the above-captioned case on or about October 29, 2007 at Virginia State Corporation Commission, 1300 Main Street, 1st Floor, Tyler Building, Richmond, VA 23219 , <u>by Federal Express</u>, Tracking No. 799211062716, as evidenced by the confirmation signature receipt attached hereto and incorporated by reference herein. I further certify that I am above the age of eighteen (18) and not a party to this action.

I DO SOLEMNLY AFFIRM UNDER THE PENALTIES OF PERJURY THAT THE CONTENTS OF THE FOREGOING AFFIDAVIT ARE TRUE TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.

_____
Terri L. Peters
AXELSON, WILLIAMOWSKY, BENDER
& FISHMAN, PC
401 N. Washington Street, Suite 550
Rockville, Maryland 20850
(301) 738-7600

STATE OF MARYLAND

COUNTY OF MONTGOMERY

Before me, the undersigned, a Notary Public in and for the State and County aforesaid, personally appeared TERRI L. PETERS, on this 29th day of October 2007, and made oath in due form of law that the facts and matters set forth above are true and correct.

*Susan E. Velasquez*
Notary Public

My Commission Expires:	Susan E. Velasquez
	Notary Public
	Montgomery County, MD
	My Commission expires May 1 2008



**FedEx Express**
Customer Support Trace
3875 Airways Boulevard
Module H, 4th Floor
Memphis, TN 38116

US Mail: PO Box 727
Memphis, TN 38194-4643

Telephone: 901-369-3600

October 29, 2007

Dear Customer:

The following is the proof of delivery you requested with the tracking number **799211062716**.

### Delivery Information:

| | | | |
|---|---|---|---|
| **Status:** | Delivered | **Delivery location:** | Richmond, VA |
| **Signed for by:** | H.ROBERTSON | **Delivery date:** | Oct 29, 2007 09:40 |
| **Service type:** | Priority Envelope | | |

*[signature: H Robertson]*

### Shipping Information:

| | | | |
|---|---|---|---|
| **Tracking number:** | 799211062716 | **Ship date:** | Oct 26, 2007 |
| | | **Weight:** | 1.0 lbs. |

**Recipient:**
Richmond, VA US

**Shipper:**
ROCKVILLE, MD US

**Reference**

WI229-1

Thank you for choosing FedEx Express.

FedEx Worldwide Customer Service
1.800.GoFedEx  1.800.463.3339

file:///C:/Documents%20and%20Settings/TLP/Desktop/FedEx%20Shipment%20799211062716%20Delivered.htm

**From:** TrackingUpdates@fedex.com
**Sent:** Monday, October 29, 2007 10:16 AM
**To:** Terri Peters
**Subject:** FedEx Shipment 799211062716 Delivered

---

This tracking update has been requested by:

Company Name: AXELSON, WILLIAMOWSKY, BENDER
Name:         Terri Peters
E-mail:       tlp@vawlaw.com

---

Our records indicate that the following shipment has been delivered:

Reference:                   WI229-1
Ship (P/U) date:             Oct 26, 2007
Delivery date:               Oct 29, 2007 9:40 AM
Sign for by:                 H.ROBERTSON
Delivered to:                Mailroom
Service type:                FedEx Priority Overnight
Packaging type:              FedEx Envelope
Number of pieces:            1
Weight:                      1.00 lb.
Special handling/Services:   Deliver Weekday

Tracking number: 799211062716


Shipper Information                 Recipient Information
Terri Peters                        ATTN: Clerk
AXELSON, WILLIAMOWSKY, BENDER       State Corporation Commission
401 N. WASHINGTON STREET;Suite 550  1300 Main Street;Tylor Bldg., 1st Floor
ROCKVILLE                           Richmond
MD                                  VA
US                                  US
20850                               23219


Please do not respond to this message. This email was sent from an unattended
mailbox. This report was generated at approximately 9:15 AM CDT
on 10/29/2007.

To learn more about FedEx Express, please visit our website at fedex.com.

All weights are estimated.

file:///C:/Documents%20and%20Settings/TLP/De...x%20Shipment%20799211062716%20Delivered.htm (1 of 2) [10/29/2007 12:01:33 PM]