# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

**No. 07-7154**  **September Term, 2007**

FILED ON: MAY 15, 2008

JOHN W. WINDSOR, JR.,
    APPELLANT

v.

WHITMAN-WALKER CLINIC, INC., ET AL.,
    APPELLEES



Appeal from the United States District Court
for the District of Columbia
(No. 07cv01020)

Before: HENDERSON, RANDOLPH and ROGERS, *Circuit Judges.*

### JUDGMENT

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs by the parties. *See* FED R. APP. P. 34(a)(2); D.C. CIR. R. 34(j). It is

**ORDERED** and **ADJUDGED** that the judgment of the district court be affirmed.

John W. Windsor, Jr., a professional firefighter, who was injured when he fell into an open stairwell lacking a railing while responding to a fire at a building owned by the Whitman-Walker Clinic, filed suit for negligence.[1] The district court granted the Clinic's motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6).[2] Windsor contends that the independent acts of negligence exception to the professional rescuer doctrine allows his lawsuit to proceed because his firefighting duties had

---

[1] The lawsuit was removed from the D.C. Superior Court pursuant to 28 U.S.C. § 1441.

[2] The district court certified its judgment for appeal pursuant to FED. R. CIV. P. 54(b), *see Brookens v. White*, 795 F.2d 178, 179 (D.C. Cir. 1986), and stayed proceedings against the codefendants.

ended and he was attempting to leave the building when he fell.[3] Moreover, he contends that the stairwell was a hidden danger due to smoke. Alternatively, Windsor contends the district court erred in not leaving to the jury the question whether it was foreseeable that he would encounter a concealed danger in a smoke filled building.

The professional rescuer doctrine bars this negligence claim because leaving a building filled with smoke after the extinguishment of a fire falls within the duties of a firefighter. *See Lee v. Luigi*, 696 A.2d 1371, 1373-74 (D.C. 1997). Further, architectural hazards concealed by smoke are "inherently within the ambit of those dangers which are unique to and generally associated with" firefighting, *Gillespie v. Washington*, 395 A.2d 18, 20-21 (D.C. 1978) (quoting *Maltman v. Sauer*, 530 P.2d 254, 257 (Wash. 1978)), especially because fires naturally create structural hazards similar to the one that caused Windsor's injury. This lawsuit does not fall within the independent acts of negligence exception because there exists "a connection between the negligent act . . . [and] the situs of the emergency," the Clinic's building. *Melton v. Crane Rental Co.*, 742 A.2d 875, 877 (D.C. 1999). *Scottish Rite Supreme Council v. Jacobs*, 266 F.2d 675 (D.C. Cir. 1959), can afford Windsor no relief because it predated the D.C. Court of Appeals' adoption of the professional rescuer doctrine by almost twenty years, *see Gillespie*, 395 A.2d at 20-21; *see also Young v. Sherwin-Williams Co.*, 569 A.2d 1173 (D.C. 1990), and therefore cannot be read to have applied the doctrine. Further, it cannot be said that the Clinic "with knowledge left a dangerous concealed condition on the premises," *Scottish Rite*, 266 F.2d at 675, because the lack of a railing is an apparent hazard rendered hidden only by smoke from the fire. Finally, to the extent Windsor contends that the district court improperly ruled on the factual question of whether the Clinic should have foreseen that smoke could conceal the stairwell hazard, this is irrelevant to the application of the independent acts of negligence exception.

Pursuant to D.C. Circuit Rule 36(b), this decision will not be published. The Clerk is directed to withhold the issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing or rehearing en banc. *See* Fed. R. App. P. 41(b); D.C. Cir. R. 41(a)(1).

Per Curiam

FOR THE COURT:
Mark J. Langer, Clerk

BY: /s/ *[signature]*
Michael C. McGrail
Deputy Clerk

---

[3] Given the disposition of this appeal, we assume without deciding that, contrary to the Clinic's contention, Windsor's amended complaint properly invoked the independent negligence exception.